CASE 26—ACTION BY THE DECATUR MINERAL AND LAND CO. v. J. L. FRIEDMAN ON LAND NOTES—MARCH 29.

# Decatur Mineral & Land Co. v. Friedman.

APPEAL FROM M'CRACKEN CIRCUIT COURT.

JUDGMENT FOR DEFENDANT.    PLAINTIFF APPEALS.    REVERSED.

LACHES—FORFEITURE OF CONTRACT—RESCISSION FOR FAILURE TO PER-FORM PAROL CONTRACT—EFFECT OF SUIT IN ANOTHER STATE WITH-OUT NOTICE—FALSE REPRESENTATIONS.

Held:   1. Suit was brought in Alabama to enforce a contract for sale of town lots, but no deed was tendered.   Judgment was rendered and a sale ordered and plaintiff became the purchaser and obtained a deed therefor.   Of this suit defendant had no notice. Subsequently suit was brought in this State on the original purchase money notes and deed tendered to the defendant. Plaintiff held to be guilty of laches in not tendering deed in the Alabama suit, and defendant also guilty of laches in not suing for cancellation of contract by reason of false representation in the sale or for defect of title, the contract should be considered as annulled or forfeited, and plaintiff can not recover unpaid purchase money, and defendant can not recover the money he has paid.
2. A parol promise by the vendor to construct a street railway by the lots which he had sold and make other improvements in the future, does not entitle the purchaser to a rescission.

L. D. HUSBANDS FOR APPELLANT.

1. No alleged contemporaneous parol agreement can be set up or proved to change or alter the writing, by adding to it or taking from it, or in any way to alter its effect or meaning, except upon an allegation of fraud or mistake in the writing.   Greenleaf on Evidence, secs. 275, 277, 281, 282; Dale v. Pope, 4 Littell, 168;

Decatur Mineral and Land Co. v. Friedman.

Nat. Mut. Bank Assn. v. Hickman, 86 Ky., 254; 14 Bush, 495; 6 Bush, 109; 16 B. Mon., 6; 2 B. Mon., 423; Logan and Turnpike Co. v. Pettit, 96 U. S. R., 544; 134 U. S. R., 315; 77 Alabama, 357; Lockwood v. Fitz, 90 Ala., 150; Garrett v. Lynch, 45 Ala., 204; Conner v. Henderson, 8 Am. Decisions, 103; Burton v. Stewart, 20 Am. Dec., 692; Veeres v. Earle, 38 Am. Dec., 588 and note; Upton v. Trebillcock, 91 U. S., 45; Dent v. Long, 90 Ala., 172; Thompson v. Lee, 28 Ala., 292; Foster v. Christy, 29 Ala.

WM. H. HOLT for appellant.

1. The appellee by his conduct and laches waived and lost any right even if he ever had it, to cancel the contract for misrepresentation. He made no effort to cancel the contract for the alleged fraud until his answer was filed *eight* years after his purchase, and *five* years after he had ratified it with full knowledge of all he now claims.

2. In the absence of an averment of fraud or mistake in a writing, it is not competent to prove parol promises to do certain things that might be beneficial to the property.

## CITATIONS.

Roche & Coleman v. Bush, 19 Ky Law Rep., 985.
Munford v. Green's Admr., 19 Ky. Law Rep., 1791.
Nat. Mut. Ben. Assn. v. Hickman, 86 Ky., 254.
Castleman v. S. M. Life Ins. Co., 14 Bush, 197.

CLARENCE DALLAM, Attorney for appellee.

1. Exceptions to depositions, because the questions are leading, come too late, when made for the first time on the trial of the suit. Civil Code, sec. 587.

2. A suit on a promissory note, by the vendor of real estate, ratifies and confirms the contract of sale, and is subject to the rules applicable to a bill for specific performance of the contract. Grover v. Scott, 80 Pa., 88.

3. In a suit by a vendor for the specific performance of a contract for the sale and purchase of real estate, the plaintiff must tender a good and sufficient deed before suit, and make the tender good by bringing his deed into court. 28 Am. & Eng. Ency. of Law, 947, Ballard on Real Estate; Statutes of Ky., secs. 75 and 76; Brown v. Starke, 3 Dana, 316; Cabin & Elliott v. Williams & Ray, 8 Bush, 343; May v. Cole, 8 Blkf. (Ind.), 480; Johnson v. Burdette Town Co., 53 Pac. Rep., 80; Soper v. Gabe, 41 Pac. Rep., 969; Sowle v. Holdridge, &c., 63 Ind., 218; Overly, &c., v. Tipton, Admr., 68 Ind., 414; Goodwine v. Morey, 111 Ind., 68.

Decatur Mineral and Land Co. v. Friedman.

4. A delay of seven years after maturity of last note, and after great depreciation of property, will prevent a recovery on the notes. Johnson v. Burdette Town Co., 53 Pac. Rep., 88.

5. Misrepresentations of vendor's intent to build and operate street railways and make other valuable improvements in front of and adjacent to the property sold, are sufficient to rescind the contract where they are relied on, and not made. Louisville Railway Co. v. Taylor, 96 Ky., 241; Upshaw v. Debow, 7 Bush, 442; Perkins v. Rice & Sterrett, Littell's Selected Cases, 218; Graves v. Leathers, 17 B. Mon., 665; Breckinridge v. Moore, 3 B. Mon., 629; Holts v. Stewart, 42 Am. State Rep., 442; Mitchell v. Zimmerman, 4 Texas, 69; Shoemaker v. Mathers, 30 N. E. Rep., 755; Harvey v. Hadley, 87 Cal., 560; Tanner v. Clarke, 13 Ky. Law Rep., 922; Clarke v. Tanner, 19 Ky. Law Rep., 590.

6. Parol testimony is admissible to prove such agreements and representations, though it varies or contradicts the title bond, because it is a part of the consideration of the purchase, and an inducement to make the purchase and because it is a collateral agreement relating to the same subject matter. Western & A. R. R. Co. v. Morrison, 40 L. R. A., 84; Ferguson v. Rafferty, 6 L. R. A., 45; Todd, &c., v. Lancaster, decided by this court, October 6, 1898; French v. Ryan, 104 Mich., 630; Meecham on Agency, sec. 84; Louisville Railway Co. v. Neafus, 93 Ky., 53; Rice on Evidence, secs. 159, 188; Ferguson v. Rafferty, 6 L. R. A., 33; Thomas v. Loose, 114 Pa., 203; Fosters v. Kennedy, 35 Ala., 363; Walker v. France, 112 Pa., 203; Cullmans v. Lindsay, 114 Pa., 166; Warren v. Landes, 137 Pa., 65; Grover v. Scott, 88 Pa., 88; Lathrop v. Foster, 57 Me., 368; Rice on Evidence, secs. 163, 174 and 188; Eighmie v. Taylor, 98 N. Y., 297; Nissus v. Gold Mining Co., 104 N. C., 310; Green v. Batson, 71 Wis., 54; Haha v. Doolittle, 18 Wis., 198; Hubbard v. Marshall, 50 Wis., 322; Robinson v. Reynolds, 110 N. Y., 654; Rice on Evidence, secs. 176, 186; Buzzell v. Williard, 44 Vt., 44; Ins. Co. v. Deford, &c., 33 Md., 382; Ayer v. Bell Mfg. Co., 147 Mass., 46; Sugar Refining Co. v. Forsythe, 108 Ind., 334; Weeks v. Needler, 20, Kas., 57; Chapin v. Dodson, 78 N. Y., 81; Mann v. Nunn, 43 L. J., (C. P.) (N. Y.), 241; Lippincott v. Whiteman, 83 Pac., 244; Durkin v. Cobleigh, 17 L. R. A., 270 and notes.

OPINION OF THE COURT BY JUDGE GUFFY—REVERSING IN PART.

The appellant instituted this action in the McCracken Circuit Court against the appellee, seeking to recover a judgment upon three notes executed for $500 each, subject to certain credits. The substance of the answer and

counterclaim of the defendant is that the notes were given as part purchase money for certain town lots in Decatur, Ala., or, in other words, for lots in the 34 acres owned by the plaintiff, which seem to have been divided into town lots, and that the plaintiff falsely and fraudulently represented to the defendant that it would in the near future establish a street railway along and by said lots, and make various other improvements described in the answer, and that such representations were false and fraudulent, and so known by the plaintiff, but were relied on by defendant, and but for the same he would not have made the purchase. He also denied the title of plaintiff to the lots in question. After the issues were fully made up, the court adjudged a rescission of the contract and cancellation of the notes, and rendered a judgment over against the plaintiff in favor of defendant for the amounts paid by him on the purchase aforesaid; and from that judgment this appeal is prosecuted.

It is insisted for appellant that the defendant could not be allowed to allege or prove a parol contract not embraced in the bond or writing executed in regard to the sale of the lots, and numerous authorities are cited in support thereof.

It appears in this record that in October, 1891, the plaintiff instituted suit in the State court of Alabama for the purpose of obtaining a sale of the lots in question to satisfy the purchase money due thereon, and that such proceedings were had that a judgment was rendered adjudging the sale thereof, and that plaintiff purchased the lots at the price of $150, and obtained a deed therefor. But during the progress of this suit the plaintiff tendered a deed to the defendant for the lots in question, conditioned upon his paying the entire purchase money due. It is

further insisted for appellee that the delay upon the part of plaintiff in tendering the deed to defendant should debar it from asking for a specific enforcement of the contract. It does not appear that defendant ever was in the actual possession of the lots in question, and it may be said that he was guilty of some laches in not bringing suit for a cancellation of the contract on account of false representations made as alleged, or for defect in title. It may also be said that plaintiff, by instituting its suit to enforce its lien upon the lots in question, without tendering a deed, was also guilty of laches, and it appears that the defendant had no notice of said suit. It is true that the bond executed did not bind plaintiff to make a deed to the lots until the purchase money was paid. Yet it would seem that, if plaintiff desired a specific execution of the contract, it ought to have tendered in its suit in Alabama a deed to the lots in contest. It can readily be seen that the lots would command but a small price unless the record showed that the supposed owner thereof had title to same. Taking all the facts and circumstances as shown in this case, we are of the opinion that the contract between the parties should be considered as having been annulled or forfeited by the laches of each party, and that the plaintiff should be denied a right to collect the unpaid purchase money; and we are further of opinion that defendant, by his laches, has forfeited his right to recover back the money paid by him upon said contract. It seems that the opinions of this court in the cases of Ryan v. Middlesborough Town-Lands Co. (Ky.) 50 S. W. 13, and Coal Co. v. Ford, Id. 27, conclusively sustain appellant's contention. The promise or representation in the case at bar, being in parol and to be done in the future, falls with-

in the rule announced in the cases *supra*. Hence it follows that the court should have sustained the exceptions to all testimony in support of that defense.

It is insisted for appellee that plaintiff could not maintain this action until it had first tendered to defendant a sufficient deed to the lots in controversy. The judgment of the court below is reversed in so far as it renders a judgment in favor of the defendant against the plaintiff for any sum of money paid by defendant upon the purchase of the lots in question. But the judgment as to the cancellation of the notes sued on, and for costs, is affirmed. Cause remanded for proceedings consistent herewith.