

# THE ATTORNEY GENERAL
## OF TEXAS
#### AUSTIN 11, TEXAS

*Amended by Acts 1963 58th Leg.
p. 943 ch. 371, Last sentence of art 5118a
see C-144*

**WILL WILSON**
**ATTORNEY GENERAL**

May 2, 1962

Honorable Brandon Bickett
County Attorney
Blanco County Courthouse
Johnson City, Texas

Dear Mr. Bickett:

Opinion No. WW-1326

Re: Authority of a sheriff to
grant one-third commutation
of time for good conduct to
a jail prisoner who is serv-
ing out his fine, and relat-
ed questions.

In your letter you asked the following questions:

"Whether it is legal for the
Sheriff in charge of a County Jail
to grant one-third commutation of
time for good conduct to an inmate
or prisoner who is in jail serving
out his fine in the same manner as
he would grant such commutation of
time to an inmate or prisoner who
is in jail serving out his jail
sentence.

"Also, in this connection,
whether the Sheriff in charge has
the sole discretionary power to
grant such commutation of time, or
must he be required to obtain per-
mission or consent of the Judge of
the Court in which the prisoner or
inmate has been convicted.

"And, further, does the County
Judge, or the Sheriff, have charge
and control of the collection of
a fine assessed by the Judge?"

Your opinion request further advises us that the prisoner
in question was charged with the offense of "unlawfully hunting
deer from an automobile," and after pleading guilty was assessed
a fine and court costs. Being unable to pay his fine, he then
served a portion of his fine in jail until being released by
the Sheriff, purporting to act under Article 5118a, Vernon's
Civil Statutes.

Article 5118a, V.C.S. reads as follows:

"In order to encourage county jail discipline a distinction may be made in the term of prisoners so as to extend to all such as are orderly, industrious and obedient, comforts and privileges according to their deserts; the reward to be bestowed on such prisoners for good conduct shall consist of such relaxation of strict county jail rules, and extension of social privileges as may be consistent with proper discipline. Commutation of time for good conduct, industry and obedience may be granted the inmates of each county jail by the sheriff in charge. A deduction in time not to exceed one third (1/3) of the original sentence may be made from the term or terms of sentence when no charge of misconduct has been sustained against the prisoner. A prisoner under two (2) or more cumulative sentences shall be allowed commutation as if they were all one sentence. For such sustained charge of misconduct in violation of any rule known to the prisoner (including escape or attempt to escape) any part or all of the commutation which shall have accrued in favor of the prisoner to that date of said misconduct may be forfeited and taken away by the sheriff. No other time allowance or credits in addition to the commutation of time for good conduct herein provided for may be deducted from the term or terms of sentences."

Art. 785, C.C.P. reads:

"When the judgment against a defendant is for a fine and costs he shall be discharged from the same:

"1.   When the amount there has been fully paid.

"2.   When remitted by the proper authority.

"3.    When he has remained in custody
for the time required by law to
satisfy the amount thereof."

        In the event the defendant, who has been assessed a fine
and cost, refuses or is unable to pay the same, he may "lay
out" such fine and costs at the rate of $3.00 per day, until
the fine and costs are satisfied.  If, after entering the jail
and serving one or more days, he is able to raise some money
to apply on the fine and costs, he will receive credit on such
fine and costs at the rate of $3.00 for each day served, and
is only required to pay the balance due in order to secure his
release.  Art. 793, C.C.P.  The punishment assessed against
such defendant never consisted of a term in the county jail.
He is only there by reason of his failure to pay the fine and
costs.  His release may be secured at any time by payment of
the balance due on the fine and costs, either by himself or
paid for him by his friends or relatives.  Since his punishment
only consists of a fine and costs, to bring him within the pro-
visions of Article 5118a, V.C.S., would be to permit the sher-
iff to remit a portion of a cash fine, which Art. 5118a does
not purport to do.  In answer to your first question, we hold
that Article 5118a, V.C.S. has no application to a prisoner in
the county jail whose sole punishment is a fine and costs, and
who is "laying out" the same.

        Attorney General's Opinion No. WW-918 states that under
Article 5118a, V.C.S.:

                ". . . the sheriff is given the
        discretion of giving a prisoner a
        deduction in time even though he
        has a record of good conduct.  This
        simply means that where a prisoner
        has an unquestioned good conduct
        record, the sheriff is not under a
        duty to release him in less time than
        called for in the sentence. . . ."

        The sheriff is the custodian of prisoners in the county
jail.  Art. 265, C.C.P.  Art. 5118a, V.C.S. was enacted to
assist the sheriff in maintaining proper discipline in the
jail.  We hold, therefore, in answer to your second question,
that the sheriff has the sole discretion under Art. 5118a,
V.C.S. in granting commutation of time of those prisoners in
his custody serving jail terms in the county jail.  The judge
of the court in which the prisoner was convicted has no powers
or authority under Art. 5118a, V.C.S.

        Art. 1616, V.C.S. reads:

"An account shall be kept with
the sheriff charging him with all
judgments, fines, forfeitures and
penalties, payable to and rendered
in any court of the county, the col-
lection of which he is by law made
chargeable. The sheriff my free him-
self from liability from such charge,
by:

"1.   Producing the receipt of the
county treasurer showing the payment
of such judgment, fine forfeiture or
penalty.

"2.   Showing to the satisfaction
of the commissioners court that the
same cannot be collected, or that the
same has been discharged by imprison-
ment or labor, or by escape, without
his fault or neglect, and obtaining an
order from said court allowing the same."

In Bradley v. State, 56 S.W. 114 (Civ.App., 1900, error
refused), the Court permitted recovery from a former sheriff and
his bondsmen for fines and costs assessed against defendants in
the county court, which it was alleged that the sheriff had wil-
fully neglected and refused to collect.  The Court reviewed
Articles 838 and 839, Revised Statutes of 1895 (now Article 1616,
V.C.S.), and stated at page 116:

"  .  .  The county judge had no
authority to direct the release of
the parties without a discharge of
the judgments against them in one of
the modes provided by law.  The power
to remit fines is given by law to the
governor alone.  .  .  . These provisions
of the Revised Statutes as well as of
the Code of Criminal Procedure were
enacted for the purpose of compelling
the sheriff to do his duty in the col-
lection of fines, and were made plain
to meet just such cases as the pre-
sent.  .  .  ."

Attorney General's Opinion No. O-3262 (1941) states:

"You are respectfully advised that
it is the opinion of this department

that you should ordinarily look to
the sheriff or constable as the case
may be for the collection of fines
and costs in misdemeanor cases."

In answer to your third question, we hold that the sheriff is charged with the collection of fines assessed in the county court.

<u>S U M M A R Y</u>

Art. 5118a, V.C.S., which authorizes a sheriff to grant commutation of time to prisoners in the county jail for good conduct, has no application to a prisoner whose sole punishment consists of a fine and costs, and who is laying out the same in jail.

The sheriff has the sole discretion under Art. 5118a, V.C.S. in granting commutation of time of those prisoners in his custody serving jail terms in the county jail.

The sheriff is charged with the collection of fines assessed in county court.

Yours very truly,

WILL WILSON
Attorney General of Texas

By

Riley Eugene Fletcher
Assistant

REF/jp

APPROVED:

OPINION COMMITTEE:
W. V. Geppert, Chairman

Marvin Sentelle
Wm. H. Pool, Jr.
Malcolm L. Quick

REVIEWED FOR THE ATTORNEY GENERAL
By: Houghton Brownlee, Jr.